

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24817501**
**Date Processed: 04/25/2022**

| | |
|---|---|
| **Primary Contact:** | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>One Tower Square<br>Rm 8MS<br>Hartford, CT 06183-0001 |

| | |
|---|---|
| **Entity:** | Northfield Insurance Company<br>Entity ID Number  2319164 |
| **Entity Served:** | Northfield Ins. Co. |
| **Title of Action:** | Cox Paradise LLC vs. Northfield Tnsurance Company |
| **Matter Name/ID:** | Cox Paradise LLC vs. Northfield Tnsurance Company (12221652) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Lauderdale County Circuit Court, TN |
| **Case/Reference No:** | 7231 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 04/20/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Dept of Insurance on 04/06/2022 |
| **How Served:** | Certified Mail |
| Sender Information: | Gammill Law Group, PLLC<br>601-487-2300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT

A

 Department of
**Commerce &**
**Insurance**

April 12, 2022

Northfield Ins. Co.                                      Certified Mail
2908 Poston Ave C/O C S C                                Return Receipt Requested
Nashville, TN  37203                                     7020 1290 0001 6217 7559
NAIC # 27987                                             Cashier # 221277

Re:   Cox Paradise Llc   V.   Northfield Ins. Co.
      Docket # 7231

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served April 06, 2022, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Lauderdale County
    675 Hwy 51 South
    Ripley, Tn  38063

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

**COPY**

| Lauderdale County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 7231 |
|---|---|---|

CoxParadise vs. Northfield Insurance Company

NAIC: 27987

Served On:
Commissioner of 500 James Robertson PKwy Nashville TN
Insurance

You are hereby summoned to defend a civil action filed against you in Circuit Court, Lauderdale County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 3-29-22

JoAnn Edwards
Clerk / Deputy Clerk

Attorney for Plaintiff: Toby Gammill - 601-487-2300
1911 Dunbarton Jr Jackson, MS 39216

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County
_____

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____        By: _____
                                   Please Print: Officer, Title

Agency Address                  Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff        Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____*

*Rev. 03/11*

IN THE CIRCUIT COURT FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT
LAUDERDALE COUNTY TENNESSE

COX PARADISE LLC, as assignee,
PLAINTIFF,

CAUSE NO:_____7231_____

VS.                                                  JURY TRIAL DEMANDED

NORTHFIELD INSURANCE COMPANY                         MAR 2 9 2022
DEFENDANT.

JO ANN EDWARDS
CIRCUIT COURT CLERK

## COMPLAINT FOR DAMAGES

COMES NOW Cox Paradise LLC, by and through its attorney, Toby Gammill, and upon

information and belief would state to the Court as follows:

### I.   PARTIES TO PROCEEDINGS

1.      Plaintiff Cox Paradise is a Tennessee limited liability company. At all times

pertinent, the subject premises ("Premises") located at 1441 South Church Street, Halls Tennessee,

38040 was purchased by Plaintiff. This cause of action was validly assigned on December 9, 2020

at the time of purchase.

2.      Defendant Northfield Insurance Company is a corporation organized in Minnesota

with its principal place of business in St. Paul, Minnesota. At all times pertinent hereto, Defendant

Insurer advertised, marketed, sold and was otherwise in the business of offering policies of

insurance to Lauderdale County citizens and citizens across Tennessee. Defendant Insurer can be

 COPY

served through the Commissioner of Insurance at 500 James Robertson Pkwy, Nashville, Tennessee.

## II.     JURISDICTION AND VENUE

3.     Insurer is duly licensed to sell Policies of Insurance in Tennessee. At all times pertinent hereto, Insurer advertised, marketed, sold and otherwise offered policies of insurance to citizens of Lauderdale County, Tennessee. This Court has personal jurisdiction over the Defendant.

4.     This action for breach of contract arises under Tennessee Common and Statutory Law, in an amount not to exceed $1,500,000.00, over which, this Court has Subject Matter Jurisdiction.

5.     The subject Insured Premises, as well as the bulk of the witnesses are located in Lauderdale County. The majority of the facts and circumstances that gave rise to this suit occurred in Lauderdale County. Venue is proper.

## III.     STATEMENT OF THE CASE

6.     Policyholders purchased a Policy of Insurance from Insurer to cover the Insured Premises that was in full force and effect on the date of this event. The policy number was WS280071.

7.     Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy.

8.     At all times pertinent hereto the Policyholder, DLA LLC, timely paid, and Insurer accepted, consideration in the form of premium payments.

9.     The Insured Premises was well maintained and free from significant deterioration or preexisting damage.

10.    On or about July 17, 2020, a certain severe weather event, which included high velocity winds and large hail, seriously damaged the Insured Premises.

11.    Policyholder timely filed a claim with Insurer. The claim number was F3C3322.

12.    William Griffin prepared an estimate as a public adjuster.

13.    Proof of Loss was submitted to Insurer.

14.    DLA LLC completed all conditions precedent, pursuant to the Policy of Insurance, that trigger the Insurer's duty to pay.

15.    Damage from wind and hail are covered perils. Defendant admitted there was covered damage from wind but significantly undervalued the claim.

16.    Plaintiff has demanded payment from Insurer, but Insurer has willfully refused to pay Plaintiff pursuant to the Policy of Insurance.

## IV.    CAUSES OF ACTION

### 1.    BREACH OF CONTRACT

17.    Plaintiff hereby incorporates paragraphs 1-16 by reference as if verbatim.

18.    Plaintiff brings this action for Breach of Contract.

19.    Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy of Insurance. Wind and hail are perils not excluded under the Policy of Insurance.

20.    At all times pertinent hereto Policyholder timely paid and Insurer accepted consideration in the form of premium payments.

21.    The Insured Premises were seriously damaged by an extremely high velocity wind and hail storm compromising Plaintiff's roofing system, and siding, allowing moisture infiltration.

22.    Plaintiff timely filed a claim with Insurer. William Griffin completed an estimate and it and the Proof of Loss were submitted to Insurer.

23.    Plaintiff completed all conditions precedent, pursuant to the Policy, that trigger the Insurer's duty to pay.

24.    Insurer at least admits there was covered wind damage but significantly undervalued the loss.

25.    Insurer refuses to pay the true amount of the loss, which is a material breach of the agreement.

26.    Insurer's failure in its duty to pay is the cause and proximate cause of Policyholder and a injuries including damage from water infiltration to the Insured Premises.

## 2.    COMPENSATORY DAMAGES

27.    Plaintiff hereby incorporates paragraphs 1-26 by reference as if verbatim.

28.    Plaintiff prays for an award of Compensatory Damages.

29.    Plaintiff was injured when Insurer failed to perform on the contract and Policy of Insurance when performance came due. Policyholder and assignee suffered continued damage from water infiltration to the Insured Premises.

30.    Plaintiff is entitled to compensatory damages to be restored as whole.

## VI.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be required to answer this Complaint, and that the Plaintiff be awarded a judgment against the Defendant for the following:

1.     Plaintiff prays for compensatory damages in an amount not to exceed $1,500,000.00;

2.     Plaintiff prays for attorney's fees, if applicable, and costs of this court; and,

3.     Plaintiff prays for such other and further relief as this court may deem proper and in the interest of justice.

Respectfully submitted this the __4__ day of __March__ 2022.

_____
Toby Gammill

Toby Gammill (BPR#025225)
GAMMILL LAW GROUP, PLLC
1911 Dunbarton Drive
Jackson, Mississippi 39216
Tel:    (601) 487-2300
Fax:    (601) 420-2426
Email: toby@gammill-law.com



**Department of**
**Commerce &**
**Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

## CERTIFIED MAIL ®



FIRST CLA

7020 1290 0001 6217 7559



US POSTAGE PITNEY BOWES

ZIP 37243 $ 007.53⁰
02 4W
0000369239 APR. 18. 2022

7020 1290 0001 6217 7559          4/12/22

NORTHFIELD INS. CO.
2308 POSTON AVE C/O C S C
NASHVILLE, TN 37203