# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE,
# WESTERN DIVISION

**COX PARADISE, LLC, as assignee,**

    **PLAINTIFF,**

Vs.                                              **DOCKET NO. 2:22-cv-02283-MSN-atc**
                                                       **JURY DEMANDED**

**NORTHFIELD INSURANCE COMPANY,**

    **DEFENDANT.**

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Northfield Insurance Company, by and through its counsel of record, and in Answer to the Complaint filed herein against it, and would respectfully state unto this Honorable Court as follows.

### FIRST DEFENSE

The Defendant moves to dismiss the Plaintiff's Complaint on the following grounds:

    a.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

    b.    Plaintiff has no standing to bring this action against the respondent.

    c.    Plaintiff was not an insured and had no insurable interest in the allegedly damaged property nor the subject insurance policy at the time of the alleged loss. Further, at no time relevant hereto was Plaintiff an owner of said property, nor did the Plaintiff suffer a loss related to said property.

    d.    Plaintiff is not a beneficiary of a valid assignment of the claims made in the Complaint.

e. The provisions of the subject policy provide that the insured's rights and duties under said policy may not be transferred without the Defendant's written consent except in the case of death of an individual named insured. No such written consent has been obtained.

f. In the alternative, Plaintiff has no right to bring said Complaint unless there has been full compliance with all of the terms under the subject insurance policy, which has not occurred.

g. Plaintiff lacks the capacity to bring this suit as "Cox Paradise" as a Tennessee limited liability company does not exist.

h. Defendant moves that the Complaint filed herein against it be dismissed with prejudice. Defendant reserves the right to reiterate its Motion to Dismiss and to provide additional grounds in a supporting memorandum.

## **SECOND DEFENSE**

Now, in Answer to the separately numbered paragraphs of the Plaintiff's Complaint, Defendant would respectfully state unto this Honorable Court as follows.

1. The Defendant denies the existence of "Cox Paradise" as a Tennessee limited liability company. The Defendant further denies that Plaintiff's alleged cause of action was validly assigned to Plaintiff on December 9, 2020, or at any other time prior hereto. The Defendant admits to the existence of a commercial property located at 1441 South Church Street, Halls, Tennessee, but the Defendant has no knowledge as to its ownership at the time of the filing of the Plaintiff's Complaint and, therefore, denies same and demands strict proof thereof if its rights are to be affected. All contrary and remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint are denied.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint are admitted. The Defendant does not challenge personal jurisdiction in this Honorable United States District Court.

4. The Defendant admits that the Plaintiff's Complaint is in the nature of a claim for breach of contract. The Defendant denies any liability to the Plaintiff under any theory of law or in any amount. The Defendant does not challenge subject matter jurisdiction.

5. The Defendant does not challenge venue in this Honorable United States District Court. The Defendant denies liability to the Plaintiff under any theory or in any amount.

6. The Defendant admits issuing a policy of insurance to DLA, LLC, Policy No. WS280071, with effective date from January 24, 2020, to January 24, 2021, including a location at 1441 South Church Street, Halls, Tennessee. The policy speaks for itself through its terms and conditions. A certified copy of said policy is attached hereto as Exhibit A. All terms and conditions of said policy are incorporated by reference herein as though copied verbatim.

7. The Defendant admits issuing a policy of insurance to DLA, LLC, Policy No. WS280071, with effective date from January 24, 2020, to January 24, 2021, including a location at 1441 South Church Street, Halls, Tennessee. The policy speaks for itself through its terms and conditions. A certified copy of said policy is attached hereto as Exhibit A. All terms and conditions of said policy are incorporated by reference herein as though copied verbatim.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are denied.

10. The Defendant admits that on or about July 17, 2020, a certain weather event occurred in the area of Halls, Tennessee, though the extent of said event and its characterization

are in dispute. The remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied.

11. The Defendant admits that it did receive a claim submitted on behalf of DLA, LLC, and that said claim was assigned Claim No. F3C3322.

12. The Defendant admits that it received an estimate prepared for DLA, LLC/Cox Paradise from William Griffin, PA.

13. Defendant admits that it received a document titled "Sworn Statement and Proof of Loss", submitted on behalf of DLA, LLC, and sworn to by Marcie Arnold on April 13, 2021.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied.

15. The Defendant admits issuing a policy of insurance to DLA, LLC, Policy No. WS280071, with effective date from January 24, 2020, to January 24, 2021, including a location at 1441 South Church Street, Halls, Tennessee. The policy speaks for itself through its terms and conditions. A certified copy of said policy is attached hereto as Exhibit A. All terms and conditions of said policy are incorporated by reference herein as though copied verbatim. The Defendant would further affirmatively assert that all amounts owed under said policy have been paid. All contrary and remaining allegations continued in Paragraph 15 of the Plaintiff's Complaint are denied.

16. Defendant denies that the Plaintiff has any right to demand payment from the Defendant. Defendant would further affirmatively assert that it has paid all benefits due and owing under the subject policy of insurance, said payment having been made to DLA, LLC, and William Griffin. The Defendant denies any liability to the Plaintiff under any theory or in any amount. All contrary and remaining allegations continued in Paragraph 16 of the Plaintiff's Complaint are denied.

17. The Defendant hereby incorporates by reference herein as though copied verbatim its responses to Paragraphs 1 through 16 of the Plaintiff's Complaint.

18. The Defendant admits that the Plaintiff's Complaint is in the nature of a claim for breach of contract. The Defendant denies any liability to the Plaintiff under any theory of law or in any amount.

19. The Defendant admits issuing a policy of insurance to DLA, LLC, Policy No. WS280071, with effective date from January 24, 2020, to January 24, 2021, including a location at 1441 South Church Street, Halls, Tennessee. The policy speaks for itself through its terms and conditions. A certified copy of said policy is attached hereto as Exhibit A. All terms and conditions of said policy are incorporated by reference herein as though copied verbatim. The Defendant would further affirmatively assert that all amounts owed under said policy have been paid. All contrary and remaining allegations continued in Paragraph 19 of the Plaintiff's Complaint are denied.

20. The allegations contained in Paragraph 20 of the Plaintiff's Complaint are admitted.

21. The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22. The Defendant admits that it did receive a claim submitted on behalf of DLA, LLC, and that said claim was assigned Claim No. F3C3322. The Defendant further admits that it received an estimate prepared for DLA, LLC/Cox Paradise from William Griffin, PA.

23. The allegations contained in Paragraph 23 of the Plaintiff's Complaint are denied.

24. Defendant denies that it has undervalued any covered loss sustained by its insured and would further affirmatively assert that all amounts owed under said policy have been paid. All contrary and remaining allegations continued in Paragraph 24 of the Plaintiff's Complaint are denied.

25. The allegations contained in Paragraph 25 of the Plaintiff's Complaint are denied.

26. The allegations contained in Paragraph 26 of the Plaintiff's Complaint are denied.

27. The Defendant hereby incorporates by reference herein as though copied verbatim its responses to Paragraphs 1 through 26 of the Plaintiff's Complaint.

28. The Defendant denies that the Plaintiff is entitled to an award of Compensatory Damages or damages of any type, from the Defendant.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations contained in Paragraph 30 of the Plaintiff's Complaint are denied.

**AFFIRMATIVE DEFENSES**

In addition to the Defenses set out in the Defendant's FIRST DEFENSE, the Defendant asserts the following:

31. Plaintiff has no standing to bring this action against the Defendant on the grounds that Plaintiff has no ownership interest in the allegedly damaged property described in the Complaint, nor is Plaintiff an insured in the policy first referred to in Paragraph Six of this Answer and attached hereto as Exhibit A.

32. Plaintiff has no insurable interest in the allegedly damaged property described in the Complaint, nor in the subject insurance policy. Plaintiff has suffered no loss related to said property.

33. Plaintiff is not a beneficiary of a valid assignment of the claims made in the Complaint.

34. There is no coverage under the subject policy for losses or items that existed before the date of loss; that were caused by wear and tear, settling or inadequate construction; or that are otherwise excluded under the terms of the policy.

35. There is no coverage under the subject policy for damages or issues that were not caused by covered cause of loss and/or that were preexisting prior to the date of loss.

36. There is no coverage under the subject policy for deficiencies that existed before the date of loss.

37. The following terms and conditions are a part of the subject policy attached hereto as Exhibit A, although the Defendant relies on all the applicable terms and conditions in said policy and waives no rights to rely on any other terms and conditions in said policy.

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

\*\*\*

**F.  Transfer of your Rights And Duties Under This Policy**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS

**DESCRIPTION OF PREMISES**

| PREM. # | BLDG. # | Location (Including County, Zip Code), # of Stories, Construction, Occupancy, Protection Class |
|---|---|---|
| 001 | 001 | 1441 S church St, Halls, TN, Lauderdale, 38040, 1 Story, Non-Combustible, recycling, PC5 |

**COVERAGE PROVIDED** Insurance at the Described Premises applies only for Coverages for which a Limit of Insurance is shown below.
\*\*IF EXTRA EXPENSE COVERAGE, LIMITS ON LOSS PAYMENTS

| PREM. # | BLDG. # | Coverage | Limit of Insurance | Percent of Coinsurance\*\* | Covered Causes of Loss |
|---|---|---|---|---|---|
| 001 | 001 | Building | $ 840,000 | | Broad |

# BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A.   Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**B.   Exclusions And Limitations**

See applicable Causes of Loss form as shown in the Declarations.

**C.   Limits of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit Of Insurance shown in the Declarations.

## CAUSES OF LOSS – BROAD FORM

**A.   Covered Causes of Loss**

When Broad is shown in the Declarations, Covered Causes of Loss means the following:

\*\*\*

4.   Windstorm or Hail, but not including:

   \*\*\*

   c.   Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters;

\*\*\*

14.   **Water Damage**

   **a.**   Water Damage, meaning accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance, that is located on the described premises and contains water or steam.

# MULTIPLE DEDUCTIBLE FORM
## (FIXED DOLLAR DEDUCTIBLES)

## WINDSTORM OR HAIL FIXED DOLLAR DEDUCTIBLE

**\*\*\***

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM

### SCHEDULE

| Premises No. | Building No. | Windstorm or Hail Deductible Fixed Dollar Deductible |
|---|---|---|
| 001 | 001 | $ 5,000 |

## LIMITATIONS ON COVERAGE FOR ROOF SURFACING

**\*\*\***

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM

### SCHEDULE

| Premises No. | Building No. | Indicate Applicability (Paragraph A. and/or Paragraph B.) |
|---|---|---|
| 001 | 001 | B. |

**B.**   The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to Paragraph **B.:**

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means only that damage that alters the physical appearance of the roof surfacing but does not result in damage that allows the penetration of water through the roof surfacing or does not result in the failure of the roof surfacing to perform its intended function to keep out elements over an extended period of time.

**C.** For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

Plaintiff has not met the conditions required for any benefits pursuant to any provision of the subject policy.

38. There is no coverage under the subject policy for damages alleged by the Plaintiff which fall within any deductible amount stated therein.

39. There is no coverage under the subject policy for damages alleged by Plaintiff that exceed the applicable limits of coverage as stated therein.

40. The Defendant has no liability to the Plaintiff for damages alleged by the Plaintiff for which the Defendant has previously made payments for this loss.

41. The claims of the Plaintiff are barred or otherwise limited to the extent that the Plaintiff has failed to mitigate its alleged damages.

42. The Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the subject policy. These additional defenses cannot be specifically articulated at this time due to Plaintiff's failure to particularize its claims.

43. The Defendant relies on each and every term, condition, provision and exclusion contained in the subject policy attached hereto as Exhibit A and waives no right to rely on any such provision, term, condition or exclusion not specifically set out herein.

**WHEREFORE**, the Defendant, Northfield Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor as follows:

A. The claims against the Defendant, Northfield Insurance Company, be dismissed with prejudice;

B. That judgment be entered in favor of the Defendant, Northfield Insurance Company, on all its defenses set out herein;

C. That this Honorable Court declare that the Defendant, Northfield Insurance Company, is not obligated to reimburse or indemnify Plaintiff with respect to any of its claimed losses and damages; and

D. That this Honorable Court grant such other and further relief as may be just and proper.

Respectfully submitted:

s/: S. Newton Anderson
S. Newton Anderson, (9335)
SPICER RUDSTROM, PLLC
Attorney for Defendant
119 South Main Street, Suite 700
Memphis, TN 38103
Phone: (901) 522-2305
Fax: (901) 526-0213
E-mail: sna@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was served upon the following:

Toby Gammill (BPR#025225)
Gammill Law Group, PLLC
1911 Dunbarton Drive
Jackson, MS 39216

via the Court's Electronic Filing System this 13th day of May, 2022.

S/: S. Newton Anderson
S. Newton Anderson