# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

COX PARADISE, LLC, as assignee,

    Plaintiff,

v.                                                            No.: 2:22-cv-02283-MSN-atc
                                                                JURY DEMAND

NORTHFIELD INSURANCE COMPANY

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER; AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL CONTRACTUAL APPRAISAL

      Before the Court are Plaintiff's Motion to Compel Contractual Appraisal (ECF No. 23), filed November 5, 2022; Plaintiff's Motion to Amend the Scheduling Order (ECF No. 26), filed March 23, 2023; and Plaintiff's Motion to Amend the Complaint (ECF No. 32), filed June 13, 2023. Defendant responded to the Motion to Compel Contractual Appraisal on November 18, 2022 (ECF No. 24), the Motion to Amend the Scheduling Order on April 5, 2023 (ECF No. 27), and the Motion to Amend the Complaint on June 27, 2023 (ECF No. 33). For the reasons below, Plaintiff's Motion to Amend the Complaint is **GRANTED**. Plaintiff's Motion to Amend the Scheduling Order is **DENIED AS MOOT** and Plaintiff's Motion to Compel Contractual Appraisal is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

      Plaintiff's latest Motion (the Motion to Amend the Complaint) follows a nearly eight-month dispute over Plaintiff's identity. On May 5, 2022, Defendant removed this matter, which

concerns insurance coverage of property damage following a weather event, from the Circuit Court of Lauderdale County, Tennessee at Ripley to this Court. (ECF No. 1 at PageID 1.) On July 29, 2022, the Court held a Scheduling Conference and entered a Scheduling Order setting forth deadlines in this matter. (ECF No. 13.) Plaintiff then filed a Motion to Compel Contractual Appraisal in November, arguing that the insurance policy "provides for contractual appraisal rights as alternative dispute resolution." (ECF No. 23 at PageID 124.) Plaintiff further requested a stay of the Scheduling Order until the appraisal was complete and an umpires report issued. (*Id.* at PageID 125.) Defendant responded in opposition, stating that it did not oppose a stay of the Scheduling Order but arguing that Plaintiff's Motion should otherwise be denied because the pleadings showed a Plaintiff that was a non-entity; while "Cox's Paradise, LLC, a Nevada limited liability company" exists, "Cox Paradise, LLC, a Tennessee limited liability company"—in whose name this lawsuit was filed—does not. (ECF No. 24 at PageID 131–32.) Defendant further clarified that its opposition to Plaintiff's Motion "[was] not because of any disagreement with regard to the applicable language of the subject insurance policy as quoted by the Plaintiff in [the Motion to Compel]." (ECF No. 24 at PageID 131.) Defendant suggested Plaintiff should file a motion for leave to amend the complaint instead, to which Defendant would respond. (*Id.* at PageID 132.)

But on March 23, 2023, Plaintiff responded not with a motion seeking leave to amend the complaint, but rather a Motion to Amend the Scheduling Order so it could "incorporate a motion to amend and to conduct ADR as well as [sic] the other deadlines in this matter."[1] (ECF No. 26 at PageID 141.) Plaintiff also characterized its legal name of "Cox Paradise, LLC, a Tennessee limited liability company" as "an immaterial misnomer," citing case law from the 4th, 6th, and

---

[1] Plaintiff moved to amend the Scheduling Order, but did not suggest specific dates or specify what it wanted to do with respect to the "other deadlines."

11th Circuits, as well as from a district court in North Carolina and the Tennessee Supreme Court. (ECF No. 26 at PageID 140 n.1.) In its response to this Motion, Defendant objected to that characterization but conceded that "the Scheduling Order should be stayed or amended." (ECF No. 27 at PageID 143.) And it again suggested that Plaintiff file a motion for leave to amend the Complaint to correct its name. (*Id.*)

In an attempt to sort all this out expeditiously, the Court held a Status Conference on May 25, 2023 and a follow-up phone conference on May 30, 3023. Ultimately, the Court informed parties that it was not going to consider the Motion to Compel Contractual Appraisal until Plaintiff's apparent attempt to amend the complaint had been resolved. So it directed Plaintiff to file its motion to amend the complaint, to which Defendant would have an opportunity to respond.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(a) governs amending pleadings before trial. A party may amend a pleading once as a matter of course within (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only by obtaining the opposing party's written consent or receiving leave of court. Fed. R. Civ. P. 15(a)(2).

Although "[t]he court should freely give leave when justice so requires," *id.*, a motion to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)

3

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The test for whether amendment would be futile is whether it could survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).  "Requesting leave to amend under Federal Rule of Civil Procedure 15(a) is governed by Rule 7(b), which requires that a motion shall state with particularity the grounds therefor."  *Evans v. Pearson Eters.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

An attempt to substitute a plaintiff also implicates Rule 17(a) of the Federal Rules of Civil Procedure.  *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 347 (E.D. Mich. 2003) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997)).  That Rule provides, in relevant part, that "[a]n action must be prosecuted in the name of the real party in interest . . . ."  Fed. R. Civ. P. 17(a)(1).  It also states that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

## DISCUSSION

### I.  MOTION TO AMEND THE COMPLAINT

Defendant opposes Plaintiff's Motion on the grounds that Plaintiff lacks standing to bring it and the relief Plaintiff seeks is unavailable under the Federal Rules of Civil Procedure.  (ECF No. 33 at PageID 168.)  Plaintiff notes that district courts liberally grant motions to amend and suggests that Defendant would not be prejudiced by amendment, since "[t]he key appears to [be] whether the Defendant was mislead [sic] by the name and state of incorporation listed on the initial complaint to its prejudice."  (ECF No. 32-3 at PageID 164–66.)

A.     STANDING

The Court first considers whether, as Defendant argues, Plaintiff has standing to file this Motion such that the Court has jurisdiction to consider it.  *See* U.S. Const. art. III, § 2.  In sum, Defendant contends that since Plaintiff is a non-entity, it lacked capacity to even file this lawsuit, and consequently no standing to move for leave to amend the Complaint.  (ECF No. 34 at PageID 179.)  Among other cases, Defendant cites *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002) in support of this argument.  (ECF No. 33 at PageID 170.)  *Zurich* involved an insurance company's ("American Guarantee") payment of claims following a warehouse fire that caused damage to the property of its insured, who was providing services for a sublessee of the warehouse at the time of the fire.  *Id.* at 530.  Upon payment of those claims, American Guarantee became the subrogee of its insured as to any claims the insured might have against the sublessee to which it was providing services.  *Id.*  But an entity by the name of Zurich Insurance Company ("Zurich Insurance"), which did not issue a policy to the insured and had never paid anything to it, filed suit—not American Guarantee.  *Id.*  Eventually, Zurich Insurance moved pursuant to Fed. R. Civ. P. 17(a) to substitute American Guarantee as the real party in interest.  *Id.*  But the district court denied the motion because there was no showing that Zurich Insurance's prosecution of the case was an understandable mistake.  *Id.*  Since the statute of limitations had run by this point, this denial also barred American Guarantee from pursuing its claims against the named defendants.  *Id.*

On appeal, the Sixth Circuit explained that, while the case had been litigated under Fed. R. Civ. P. 17(a), the real question was whether Zurich Insurance had standing.  *Id.* at 531.  And since Zurich Insurance "admittedly ha[d] not suffered injury in fact by the defendants, it had no standing to bring [the] action and no standing to make a motion to substitute the real party in

5

interest." *Id.* The Court also opined that "American Guarantee, a totally separate entity, which was not vigilant in protecting its claims, cannot now benefit from [Zurich Insurance's] mistake so as to take advantage of the suspension of the limitations period." *Id.* at 532. Consequently, the 6th Circuit affirmed the district court's denial of Zurich Insurance's motion to substitute and dismissal of the action. *Id.*

The Court finds the facts of this case to present a different situation than the one the *Zurich* Court addressed. Indeed, the record in this matter reflects that the *actual entity* bringing the lawsuit is the very same entity Defendant claims should be bringing the lawsuit.[2] Defendant even seems to concede this point. (*See* ECF No. 24 at PageID 132 (stating that it would respond "[s]hould Plaintiff file a Motion for Leave to Amend Complaint *to correct the name of the Plaintiff*") (emphasis added).) So unlike *Zurich*, the "correct" entity in this case would have suffered the same "injury" as the one alleged in this lawsuit. Given these observations, the Court thinks it would be absurd to find that Plaintiff lacks standing because some other entity should have filed the lawsuit when it is undisputed that Plaintiff is that other entity. *See also Hilgraeve*, 212 F.R.D at 348 (quoting *Hemphill Contracting Co. v. United States*, 34 Fed. Cl. 82, 86 (Fed. Cl. 1995)) (finding that, since the entity bringing the suit would not change should amendment to the complaint be allowed, "[a] little common sense goes a long way to show that the complaint contains a mere misnomer, and that [the relevant entities] are one and the same") (alteration in original)).

---

[2] As Defendant points out, and as Judge Gilman noted in his concurrence, Zurich Insurance was indeed technically "a totally separate entity" from American Guarantee, but the two were "sister" companies. *Zurich*, 297 F.3d at 533 (Gilman, J., concurring). While this clarification may be significant to a case in which complex corporate structuring gives rise to errors in the named parties, the Court does not find it particularly significant here. Sister company or not, Zurich Insurance was still a separate company from American Guarantee. Here, Plaintiff and the "correct" entity in this matter are one and the same.

Further, and more importantly, the Court does not consider the standing doctrine to require such a finding. "At its core, '[t]he purpose of the standing doctrine is to ensure that courts do not render advisory opinions rather than resolve genuine controversies between adverse parties.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 393 (6th Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 598 n.4 (1992) (Blackmun, J., dissenting)). There has been no indication that the claims asserted in the Complaint do not represent genuine controversies or that adversity between the parties is lacking. The risk that the Court will render an opinion that is merely "advisory" is thus not applicable under these specific circumstances. Article III standing is not at issue for purposes of this Motion.[3]

### B.   AVAILABILITY OF RELIEF UNDER THE FEDERAL RULES

Defendant's argument is well-taken, however, that something needs to be done about Plaintiff's error before this matter can proceed. In support of its Motion, Plaintiff notes that district courts liberally grant motions to amend and suggests that Defendant would not be prejudiced by amendment, since "[t]he key appears to [be] whether the Defendant was mislead

---

[3] Defendant contests whether Plaintiff was validly assigned the claim at issue in this matter in the first place. (ECF No. 6 at PageID 21–22.) While Defendant's argument as to this issue is not clear to the Court (*e.g.*, does this issue go to standing, futility under Rule 15, or both?), the Court construes Defendant's argument to mean amendment would be futile because Plaintiff has no legal interest in the insured property. When possible, courts should address arguments as to futility in ruling on a motion to amend. But given the meandering and convoluted history of this case, the Court's discussions with parties about the dispositive motions parties may file in this matter, and the paucity of discussion about this issue in the briefs on Plaintiff's Motion to Amend the Complaint, the Court finds that the better part of valor here is to defer judgment on this issue until such time the Court receives a motion to dismiss. *See, e.g.*, *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, No. 3:07-cv-449, 2008 U.S. Dist. LEXIS 136690, at *3–4 (S.D. Ohio Oct. 29, 2008) (deferring ruling on a futility argument and noting that Fed. R. Civ. P. 12(i) permits deferral on a 12(b)(6) motion to dismiss until trial"); *Romero v. Reams*, No. 18-cv-02575-RM-NRN, 2020 U.S. Dist. LEXIS 189061, at *17 (D. Colo. Oct. 13, 2020) ("The court believes the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised.").

7

[sic] by the name and state of incorporation listed on the initial complaint to its prejudice." (ECF No. 32-3 at PageID 164–66.)  In addition to its arguments about standing, Defendant responds that the Motion should be denied because the new suit it believes Plaintiff is required to bring would be time-barred.  (ECF No. 33 at PageID 173–76.)

        1.     **Rule 15**

Rule 15 states, in relevant part, that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182.

The Court finds that leave is appropriate here.  Frankly, this issue has taken far longer for Plaintiff's Counsel to resolve than should have been necessary, especially since Defendant alerted Plaintiff to the mistake in its Answer (ECF No. 6 at PageID 22).  But Defendant has not alleged undue delay, bad faith, or dilatory motive by Plaintiff, nor has the Court found evidence of an intent to harass or really anything more than a mere (though significant) error by Plaintiff's Counsel and a less-than-efficient approach in attempting to correct the mistake.  Further, the Court does not find that permitting amendment would be unduly prejudicial to Defendant.  As noted, Defendant has been aware of Plaintiff's error for quite a while, and the actual entity will not change upon amendment.  Further, the proposed amendments to the Complaint arise out of the same facts and insurance policy alleged in that Complaint, meaning amendment would not result in unfair surprise as to the facts and claims available in this matter.[4]

---

[4] *See also* discussion *infra* pp. 10.

The Court also finds that Plaintiff's proposed amended Complaint should relate back to the date of the original Complaint under Fed. R. Civ. P. 15(c).  Under that Rule:

(1) An amendment to a pleading relates back to the date of the original pleading when:

. . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B), 15(c)(1)(C).  While the language of Rule 15(c)(1)(C) concerns relation back within the context of a change to the *defendant* named in the case, courts have typically interpreted Sixth Circuit case law "as allowing an amendment to relate back when the name of the plaintiff is changed, but a new party is not truly added." *Smith v. Jones*, No. 1:13 CV 744, 2014 U.S. Dist. LEXIS 191543, at *11–12 (N.D. Ohio Sept. 24, 2014) (collecting cases).  S*ee also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318–19 (6th Cir. 2010) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991) and *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)) (explaining that changes to a plaintiff's identity under Rule 15(c)(1)(C) is "limited to corrections of misnomers or misdescriptions"); *DeSpain v. Louisville Metro Gov't*, No. 21-6237, 2023 U.S. App. LEXIS 2274, *10 (6th Cir. Jan. 27, 2023) (quoting *Asher*, 596 F.3d at 318) ("And while it is true that various courts have

9

'extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, the type of 'changes' permitted are limited to corrections or misnomers or misdescriptions"). Such is the case here, where the Plaintiff is misnamed and "will only change in name, but not in substance" should amendment be permitted. *Id.* at *14.

For relation back under Rule 15(c)(1)(C) to apply, however, Rule 15(c)(1)(B) must also be satisfied. This standard is met if "the amendment asserts a claim or defense that [arises] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In comparing the original Complaint and the proposed Amended Complaint, it is clear that Plaintiff intends to amend more than just its name. Whereas the original Complaint contained causes of action for only breach of contract and compensatory damages in the amount of $1,500,000, the proposed Complaint includes a count to "Compel Appraisal and Appoint Umpire," a count concerning "Umpire Qualifications," and one count for breach of contract that includes a request for $3,000,000 in compensatory damages. (*See* ECF No. 32-1.) Despite these proposed changes, however, both versions allege the same underlying facts: damage to Plaintiff's property during a particular weather event and Defendant's liability under its policy with Plaintiff. Relation back is therefore appropriate under Rule 15(c)(1)(B), and thus Rule 15(c)(1)(C).[5]

Defendant argues that relief under Rule 15 is futile because the named Plaintiff lacks standing and because the correct Plaintiff would be barred from continuing litigation anyway because of the expiration of the insurance policy's contractual limitations clause. (ECF No. 33 at

---

[5] Rule 15(c)(1)(C) also requires the Defendant have received notice of the action within the period for service of the summons and complaint and have known the action would have been brought but for a mistake about the identity of the party. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). Since Plaintiff and the proper party are the same entity, this requirement is not at issue.

PageID 169–76.) As discussed, the Court does not find Defendant's arguments about standing persuasive and thus does not find amendment would be futile for this reason. As to the futility of amendment due to the referenced clause in the policy, Defendant does not suggest the original Complaint was not timely filed, but argues that the only remedy available to Plaintiff under these circumstances is to file an entirely new lawsuit, which would, by now, be time-barred. (ECF No. 34 at PageID 183–86.)[6] Since the Court has found that Plaintiff can amend the Complaint and that the Amended Complaint should relate back to the date of the original Complaint, the Court also does not find Defendant's futility arguments as to timeliness persuasive.

> 2. **Rule 17**

The Court also finds amendment under Rule 17(a) appropriate in this matter. "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Zurich*, 297 F.3d at 534 (Gilman, J., concurring) (quoting *Advanced Magnetics*, 106 F.3d at 20). As mentioned during its analysis under Rule 15, the proposed amendments do not alter any of the facts alleged in this matter, the events, or the participants. True, Plaintiff includes a "count" to "Compel Appraisal and Appoint Umpire" and a count concerning "Umpire Qualifications." But these counts do not affect the factual allegations in the original Complaint. Relatedly, the Court does not find that granting leave to amend would prejudice Defendant, since the facts alleged are the same and since Defendant is and has been aware of the error in Plaintiff's name and the substance of the relevant insurance policy since filing its answer.

Plaintiff's Motion to Amend the Complaint is **GRANTED**.

---

[6] According to Defendant, the facts of this case and the language in the policy require that suit have been brought by May 19, 2023. (ECF No. 34 at PageID 185.) Though the original Complaint was filed in March 2023, the new suit Defendant says Plaintiff must file would necessarily be filed after May 19, 2023, and thus have to be dismissed. (*Id.* at PageID 185–86.)

## II. MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff's Motion to Amend the Scheduling Order sought amendment to incorporate a motion to amend the Complaint and to address the ADR and other deadlines in this matter. (ECF No. 27.) The Court finds that the relief Plaintiff seeks as to amending the Complaint has been superseded by subsequent events and, further, that the Motion failed to request specific relief as to the other deadlines mentioned in the Motion. Accordingly, the Motion is **DENIED AS MOOT**.

## III. MOTION TO COMPEL CONTRACTUAL APPRAISAL

As discussed, Plaintiff's Motion to Compel Contractual Appraisal invited a response from Defendant that did not fully address the relief Plaintiff requested in the Motion. In addition, Counsel for Defendant suggested at the Status Conference that Defendant might agree with Plaintiff that contractual appraisal would be appropriate if the correct Plaintiff was named. Since the Court is uncertain about the status of this Motion and lacks the benefit of parties' relative positions on its merits, it is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

Plaintiff's Motion to Amend the Complaint, (ECF No. 32), is **GRANTED**. Plaintiff shall have **three (3) business days** from the date of this Order in which to file its Amended Complaint on the docket. Plaintiff's Motion to Amend the Scheduling Order, (ECF No. 26), is **DENIED AS MOOT**. Plaintiff's Motion to Compel Contractual Appraisal, (ECF No. 23), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of August, 2023.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE