IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

COX'S PARADISE LLC as
ASSIGNEE                                                          )
Plaintiff                                            )
                                                     )
v.                                                   )    No.: 2:22-cv-2283-MSN-atc
                                                     
                                                     )
NORTHFIELD INSURANCE COMPANY
Defendant

---

### MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY NON-SUIT

I.    INTRODUCTION

This civil action arises out of arises out of an insurance coverage action.    The Plaintiff seeks a voluntary dismissal of this matter without prejudice. Sixth Circuit precedent indicates that this matter should non-suited without prejudice.

II.    FACTS

On October 16, 2023, Plaintiff consulted with the Defendant via e-mail regarding their consent to voluntary nonsuit without prejudice

On the next day Defendant indicated that it would not object to the motion but could not consent to same.

The parties have litigated a motion to compel and have conducted an inspection consistent with the Court's order.

Defendant refuses to grant a short continuance to accommodate Plaintiff's employment conflicts.    Thus, the Plaintiff will need to non-suit to satisfy his employment commitments.

III.    ANALYSIS

1. Northfield will not sustain any legal prejudice by a voluntary dismissal of this

1

<u>lawsuit</u>

In *Bridgeport Music v. Universal-MCA Music Publishing*, 583 F.3d 948, 955 (6th Cir. 2009), the Sixth Circuit held that a district court must evaluate four factors to determine if a defendant will sustain plain legal prejudice from a voluntary dismissal: (1) Defendant's efforts and expense in preparation for trial (2) excess delay and lack of diligence on the part plaintiff in prosecuting the action (3) insufficient explanation and (4) Defendant has a motion for summary judgment pending. The Defendant having to face a second lawsuit is insufficient to deny dismissal. *Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). The Defendant's effort and expense weigh in favor of dismissal without prejudice if the actions and work can be applied in the subsequent litigation. *Jones v. Western Reserve Transit Authority*, 455 Fed. Appx 640, 643 (6th Cir. 2012). Excessive delay and lack of diligence in prosecuting the action are usually shown by the defendant's filing motions to compel and requests for continuance. *Id* at 643- 644. An explanation is sufficient if it is logically justified. *Carnell v. TMNO Healthcare LLC*, No. 13-1201 (W.D. Tenn. October 3, 2013)

Applying the foregoing authority, this Court should grant Plaintiff voluntary non-suit to re-file this matter.   State Farm has not began trial preparation.  The Plaintiff recently amended the Complaint and the initial case management conference is set in November 2023  and thus no meaningful  discovery has taken place. This *Grover* factor weighs in favor of dismissal without prejudice. Defendants cannot  point to a motion to compel discovery.   This *Grover* factor weighs in favor of dismissal without prejudice.    The justification for seeking the non-suit is to limit the amount of cases so that they can properly be staffed for litigation.  This constitutes a logical justification for dismissal and thus this *Grover* factor weigh's in favor of dismissal without

prejudice. No summary judgment motion has been filed so this *Grover* factor weighs in favor of

dismissal without prejudice.

IV.    CONCLUSION

The Court should find that Plaintiff is entitled to leave of Court to voluntarily dismiss this

action consistent with Sixth Circuit and Western District precedent.

Respectfully submitted,

 **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.(022601)
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN 38177

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

S. Newton Anderson, Esq.
SPICER RUDSTROM
119 South Main Ste 700
Memphis, TN 38103

This, the 17th day of October 2023

 **/s/Drayton D. Berkley**
**Drayton D. Berkley**

3